# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1892
Filed January 28, 2026

———————————

**In the Interest of T.R., T.R., and X.R., Minor Children,**

**N.S., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Linn County,
The Honorable Carrie K. Bryner, Judge.

———————————

**AFFIRMED**

———————————

Allison C. Akerman of Nidey Erdahl Meier & Araguas, PLC, Cedar Rapids,
attorney for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Robin O'Brien Licht, Cedar Rapids, attorney and guardian ad litem for
minor children.

———————————

Considered without oral argument
by Schumacher, P.J., and Badding and Buller, JJ.
Opinion by Schumacher, P. J.

———————————

**SCHUMACHER, Presiding Judge.**

The district court terminated the mother's parental rights to T.R. (born in 2011), T.R. (born in 2013), and X.R. (born in 2016), pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2024).[1] The mother appeals, claiming (1) termination of her parental rights is not in the children's best interests; (2) the court should have placed the children in a guardianship; or (3) alternatively, she should be given more time to obtain a new substance-use evaluation and complete inpatient treatment.

As the mother acknowledged during her testimony at the termination trial, the children could not be returned to her custody because she had not addressed her substance use "to the fullest like it should be."[2] However, the mother stated she was now being honest about her use, although it "was hard" for her to do. She agreed she "should have already done it . . . years ago." The mother testified that her "sober date" was "almost two weeks" ago, and she requested "one more chance"—additional time to complete inpatient treatment.

The mother had not achieved long-term sobriety or shown that she could safely parent the children without supervision. Providing the mother with more time to work toward reunification is not in the children's best interests. The department has been involved with these children for three years, and the children have been out of the mother's custody for more than two years. The children have been exposed to domestic violence, substance use, and criminal activity. Most recently, they have been traumatized by their

---

[1] The father's parental rights were also terminated; he does not appeal.

[2] Throughout these proceedings, the mother tested positive for cocaine, methamphetamine, THC, and alcohol. By the termination trial, the mother's main substance-related impediment to reunification was her alcohol use.

mother's lack of honesty about her progress. The children expressed that they want to be adopted by their current placement; as the guardian ad litem described, "They just want to be kids, and they want to stay where they are. They would like this to be over today, if it could be possible . . . ." These children should not have to wait any longer for a safe, permanent home. *See In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially) (noting children's "safety and need for a permanent home are now the primary concerns" when determining best interests).

Using de novo review, *see id.* at 798, we carefully examined the record, the briefs of the parties, and the court's thorough ruling. We approve of the reasons and conclusions in the termination order and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e). We affirm without further opinion.

**AFFIRMED.**